**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**FEB 2 5 2015**

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

|  |  |
|---|---|
| Dusty Rose,<br>Kelye Rose<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Navient Solutions, Inc.<br>f/k/a Sallie Mae, Inc.<br><br>　　　　　Defendant. | Civil Action No: 15-5055 TLB<br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

## COMPLAINT

For this Complaint, the Plaintiffs, Dusty Rose and Kelye Rose, by undersigned counsel, state as follows:

### JURISDICTION

1.　　Jurisdiction of this Court arises under 28 U.S.C. § 1331 related to Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA"). (Mims v. Arrow Financial Services LLC 132 S. Ct. 740 (2012))

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in this District and that all the calls made by Defendant, which are the subject matter of this complaint, were to a cellular phone located in this District.

### PARTIES

3.　　Dusty Rose is an adult, natural person, who resides in Bentonville, Arkansas (hereinafter referred to as "Plaintiff Dusty Rose" or collectively with the other plaintiff as "Plaintiffs").

4.　　Kelye Rose is an adult, natural person, who resides in Bentonville, Arkansas (hereinafter referred to as "Plaintiff Kelye Rose" or collectively with the other plaintiff as "Plaintiffs").

5.　　Defendant Navient Solutions, Inc., which was formerly known as Sallie Mae, Inc., is a Delaware corporation with a principal place of business that is located at 2001 Edmund Halley Drive, Reston VA 20191 (hereinafter referred to as "Defendant").

## FACTS

6.      From and after January 1, 2014, Plaintiff Dusty Rose owned a cellular phone which received telephone calls placed to the assigned number 479-295-4904 utilizing the cellular telephone services offered by service provider Verizon Communications, Inc. (hereinafter "Dusty's Cell Phone").

7. From and after January 1, 2014, Plaintiff Kelye Rose owned a cellular phone which received telephone calls placed to the assigned number 479-282-9707 utilizing the cellular telephone services offered by service provider AT&T Corp. (hereinafter "Kelye's Cell Phone").

8.      Plaintiff Dusty Rose received on Dusty's Cell Phone each of the calls identified on Exhibit "A" (attached hereto and incorporated herein).  As to each such call, when Plaintiff Dusty Rose either answered the call directly or retrieved the call from voicemail, an artificial or pre-recorded voice began speaking to Plaintiff Dusty Rose.  At all times relevant to this Complaint, the Defendant has used, controlled and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. §227(a)(1) (hereinafter "Defendant's ATDS"). Plaintiff Dusty Rose believes, and therefore alleges that each such call on Exhibit "A" was originated by Defendant's ATDS.

9.      Plaintiff Kelye Rose received on Kelye's Cell Phone each of the calls identified on Exhibit "B" (attached hereto and incorporated herein).  As to each such call, when Plaintiff Kelye Rose either answered the call directly or retrieved the call from voicemail, an artificial or pre-recorded voice began speaking to Plaintiff Kelye Rose.    At all times relevant to this Complaint, the Defendant has used, controlled and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. §227(a)(1) (hereinafter "Defendant's ATDS"). Plaintiff Kelye Rose believes, and therefore alleges that each such call was originated by Defendant's ATDS.

10.      Plaintiffs believe, and therefore allege, that there will be additional automated calls initiated by Defendant  discovered in the course of this litigation beyond the calls identified in Exhibits "A" and "B."

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, et seq.

11.      The allegations of paragraphs 1-10 above are realleged and incorporated herein by reference.

12.      The Plaintiffs were granted a private right of action pursuant to 47 U.S.C. §227(b)(3) to pursue violations of the TCPA.

13.      Upon the two-way or duplex connection of Plaintiffs' respective cell phones to the calls enumerated herein, Plaintiffs respectively either heard an artificial or prerecorded voice which Plaintiffs allege did occur because an automated dialing system originated the call. Each discreet call set forth herein was a violation of 47 U.S.C. §227(b)(1)(A) in that they were placed by automated dialing system to Plaintiffs'  cell phones, and Plaintiffs were damaged thereby.

14.      At no time did the Plaintiffs provide express consent to Defendant placing automated calls to Plaintiffs' respective cell phones through the use of an automated dialing

system.

15.     For each distinct violation of 47 U.S.C. §227(b), Plaintiffs are entitled to recover Plaintiffs' actual damages or statutory damages, whichever is greater.

16.     Plaintiffs believe, and therefore allege, that Defendant purposely and intentionally acquired equipment, software and systems to give Defendant the capacity to automatically dial phones of various consumers, including Plaintiffs cell phone and including the calls set forth herein. Such purposeful acts and knowing intent to cause those acts, shall, in the discretion of the Court, make the Defendant liable for treble damages pursuant to 47 U.S.C. §227(b)(3).

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A.     That the Plaintiffs have and recover against the Defendant statutory damages of $500 per violation of the Telephone Consumer Protection Act as codified as 47 U.S.C. §227(b)(3)

B.     Treble damages be awarded for each violation as willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3).

C.     That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D.     That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney and such other remedies and relief as may be determined by the court.

Dated this the 25th day of February, 2015.

Todd E. Hertzberg
Hertzberg Law Firm of Arkansas, P.A.
Attorney for the Plaintiffs
AR State Bar No. 2008268
112 W. Center Street, STE 550
Fayetteville, AR 72701
Phone (479) 303-5555
Fax (888) 456-6985
e-mail: toddhertzberg@yahoo.com

# CERTIFICATE OF SERVICE

I, Todd Hertzberg hereby certifies to the court as follows:
1.  I am not a party to this case;
2.  I am not less than 18 years of age;
3.  I have this day served a copy of the attached Summons, on the parties listed below by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person or entity as indicated below on the 25th day of February, 2015.

Dusty Rose
Kelye Rose
500 SE 8th St, Apt. 3C
Bentonville AR 72712


John F Remondi, CEO
Navient Solutions, Inc.
2001 Edmund Halley Dr
Reston VA 20191